IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RICHARD CARABAJAL, PRISCILLA CARABAJAL**
**and CRYSTAL CARABAJAL a minor,**

      **Plaintiff(s),**

  vs.                                      **CIVIL NO. 02-284 WFD/WDS**

**BOARD OF COUNTY OF COMMISIONERS OF**
**BERNALILLO COUNTY, BERNALILLO COUNTY**
**SHERIFF'S DEPARTMENT, PETER WEH, individually and**
**in his official capacity, MIKE TURNER, individually and**
**in his official capacity,**

      **Defendant(s).**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendants' Motion for Partial Summary Judgment (Doc. 37). Subsequent to the filing of the motion the parties entered into a Stipulated Order of Dismissal of Certain Claims. That Order was entered and it dismissed all of Plaintiffs Priscilla and Crystal Carabajal's claims. It also dismissed several of Plaintiff Richard Carabajal's claims. Remaining for decision under the motion are Richard Carabajal's 42 U.S.C. §1983 claims for excessive use of force and municipal liability, assault, battery, and intentional infliction of emotional distress under the New Mexico Tort Claims Act.

The excessive use of force claim under § 1983, both as against the deputies and against the governmental entity, are in essence the same claim. Defendants are correct when they argue that suit against the deputies in their official capacities is merely another way of suing the county. **Kentucky v. Graham**, 473 U.S. 159 (1985). Both claims must fail as there is no factual showing that any

alleged excessive use of force was a policy or custom of the county, let alone that it was the driving force behind the alleged deprivation of constitutional rights.  The fact that one of the officers was a sergeant, without more, is insufficient to raise a question of material fact on this issue.  Similarly, the allegation that another alleged excessive force incident had occurred a couple of weeks before, is not sufficient in and of itself to raise an issue of custom or policy on the part of the county.   It is also the Court's opinion that the Sheriff's Department is not a proper party, but even if they were the result would be the same.   Accordingly, the §1983 claims against the county and against the deputies in their official capacities cannot stand.

Plaintiff Richard Carabajal's claim for intentional infliction of emotional distress under the New Mexico Tort Claims Act must also fail.  New Mexico law is clear that there has been no waiver of immunity for a claim of intentional infliction of emotional distress in the New Mexico Tort Claims Act.  **Garcia-Montoya**, **v. State of New Mexico**, 2001 NMSC 3 (2001).

IT IS THEREFORE ORDERED that the remaining portions of Defendants' Motion for Partial Summary Judgment are granted.

**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**